STATE   *v.*   FLEMING.

(*Nashville.*   January   8,   1901.)

1. USURY.   *Code provisions not repealed by conventional interest statute.*

The Code provisions relating to usury were not repealed or modified by the Act of 1869–70, creating a conventional rate of interest. (*Post, pp. 218, 219.*)

Acts construed: Acts 1869–70, Ch. 69.

Code construed: §§ 6732–3 (S.); §§ 5622–3 (M. & V.); §§ 4821–2 (T. & S.).

2. SAME.   *Punishment of.*

Taking usury, less than ten dollars in amount, is punishable under the Code provision that "the punishment of this offense shall be a fine in no case less than ten dollars nor more than the amount of the usury received." (*Post, pp. 219, 220.*)

Code construed: § 6733 (S.); § 5623 (M. & V.); § 4822 (T. & S.).

---

FROM   DAVIDSON.

---

Appeal in error from the Criminal Court of Davidson County. HON. J. M. ANDERSON, J.

Attorney-general PICKLE for State.

LELLYETT & BARR for Fleming.

WILKES, J. This is an indictment for receiving usury. The charge is that defendant did exact

and receive from one Eliza Benson, colored, as compensation for the use of money, an usurious rate of interest, to wit: 390 per cent. per annum on $5, or $1.60 for the use of $5 for the period of one month.

The cause was tried in the Court below without a jury, and the learned Judge found the defendant guilty, and that $1.60 was charged under disguise for the use of money, as charged.

Very many exceptions are made and many errors are assigned to the action of the Court below with great particularity of detail.

Our statutes in regard to usury are thus set out in Shannon's compilation:

Section 6732. "No person shall receive, by way of compensation for the use of money, more than at the rate of six dollars for the use of one hundred dollars for one year.

Section 6733. "The punishment of this offense shall be a fine in no case less than ten dollars nor more than the amount of the usury received, to be ascertained by the jury," etc.

These statutes had their origin in the Acts of 1835-6, Chap. 50. They are brought forward into our Code of 1858 as §§ 4821 and 4822, and in the compilation of Milliken & Vertrees as §§ 5622 and 5623.

The first insistence is that these Acts were repealed by the Act of 1869-70, called the conventional interest law, and when this latter Act was

repealed by the Act of 1877, Chap. —, page 37, the former laws were not re-established or re-enacted.

We are of opinion this contention is not correct, and that the Act of 1835 (Code, §§ 4821 and 4822), was not repealed by the Act of 1869-70. That Act does not purport to repeal any former Act, but only to amend. It only provides, in substance, in the first section for a conventional rate of interest by written agreement of parties, and by the second section that the interest and usury laws then in force should remain as theretofore, in the absence of such written agreement; and by the third section a penalty and punishment is provided for a violation of the first section. The two Acts are not in conflict, but the Act of 1869-70 only provides for an exceptional case to be taken out of and not to be treated as within the provisions of the Act of 1835 and Code §§ 4821 and 4822.

The second contention is that under the wording and language of § 6733 it was never intended by the General Assembly to punish the taking of usury when the amount taken is less than ten dollars. In other words the statute says that the fine in no case shall be more than the usury received, and in no case less than ten dollars. So that if the usury received was less than ten dollars no fine can be assessed, and the argument is that for such a small offense the

Legislature did not think proper to affix a penalty.

It appears that the section, from the peculiar collocation of words, is susceptible of this construction. But when we look to the original Act of 1835-6, from which it was compiled, the meaning and proper construction appear at a glance. It reads as follows:

"Shall be fined a sum not more than the whole usurious interest, so taken and received; which amount shall be ascertained by the jury trying the case; provided, no fine shall be less than $10."

We are of opinion, therefore, that the Act was intended to apply to all cases of receiving usury, no matter what the amount taken might be, and the provision is that the minimum punishment shall be $10 in any case, but the maximum shall in no case exceed the usury taken, when the usury exceeds $10. Using the same words of the statute, but in a different collocation, the section would read:

"The punishment of this offense shall be a fine not more than the amount of the usury received, to be ascertained by the jury, but in any case not less than ten dollars." This we think is the proper meaning of the statute, and thus read the taking of usury in an amount less than $10 subjects the taker to a fine of that amount. Taking usury to an amount greater than

$10 subjects the taker to a fine not more than the usury received.

Some exceptions are made that the evidence does not sustain the finding of the trial Judge, but we think they are not well made, and that the offense is made out, and we affirm the judgment with costs.